UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**IAN DAWES,**

                            **Petitioner,**

                    **-v-**                                **9:12-CV-718 (NAM/DEP)**

**S.E. RACETTE, Superintendent, Great Meadow
Correctional Facility,**

                            **Respondent.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

Ian Dawes
88-B-0326
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582
Petitioner, *Pro Se*

Hon. Eric T. Schneiderman, Attorney General of the State of New York
Thomas B. Litsky, Esq., Assistant New York State Attorney
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

In this *pro se* proceeding under 28 U.S.C. § 2254, petitioner, an inmate in the custody of

New York State Department of Corrections and Community Supervision ("DOCCS"), seeks

immediate release from his disciplinary confinement in the Special Housing Unit ("SHU"), a

determination that he was deprived of due process in the disciplinary hearing underlying the SHU

confinement, and expungement of the disciplinary determination from his institutional and parole

records. United States Magistrate Judge David E. Peebles issued a Report and Recommendation

(Dkt. No. 14) recommending denial of the petition. The Report and Recommendation notified the parties that any objections were due by November 10, 2014. On November 14, 2014, having received no objection, the Court issued a Judgment (Dkt. No. 16) and Order (Dkt. No. 15) adopting the Report and Recommendation in its entirety, denying the petition, and holding that no Certificate of Appealability would be issued.

On November 17, 2014, the Court received from petitioner an Objection (Dkt. No. 17) and a Letter Motion (Dkt. No. 18) requesting an extension of time to file the Objection. In his motion, petitioner states: "I only have access to the law library once each week on Wednesday, and for the prior two weeks my law library call out was circumvented by a mandatory medical call out, or the closing of the law library due to the death of an officer." In view of the short delay and for good cause shown, the Court grants the Letter Motion, vacates the Judgment and Order denying the petition, and accepts the Objection.

Magistrate Judge Peebles' Report and Recommendation sets forth the factual and procedural background of the petition, which the Court adopts. Briefly, after holding an administrative disciplinary hearing on two misbehavior reports, Hearing Officer Captain N. Ingenito issued a determination on June 8, 2010, finding petitioner guilty of creating a disturbance, interfering with an employee, refusing to obey a direct order, and refusing to submit to a frisk. The determination was upheld on administrative appeal, and petitioner brought an Article 78 proceeding. On September 22, 2011, the Appellate Division, Third Department, affirmed so much of the disciplinary determination as found petitioner guilty of refusing a direct order and refusing to comply with a frisk, and annulled the determination of guilt of creating a

disturbance and interfering with an employee.[1] DOCCS Central Office then reviewed the matter and, on September 27, 2011, issued a modified disciplinary penalty of 120 days of SHU confinement, with a corresponding loss of package, commissary, and telephone privileges, and no loss of good time credits.

Petitioner commenced this proceeding by filing a *habeas corpus* petition under 28 U.S.C. § 2254, dated April 24, 2012. In the petition, he contends that the disciplinary determinations finding him guilty of refusing a direct order and refusing to comply with a frisk are not supported by reliable evidence, and that the hearing officer was biased and failed to consider exculpatory evidence. Petitioner further contends that he was deprived of a liberty interest in violation of his due process rights to the following: freedom from an arbitrary and capricious determination; a determination based on substantial evidence; and an impartial hearing officer. The relief petitioner requests is issuance of a writ of *habeas corpus* "granting his immediate release from 120 days of unlawful confinement in SHU"; finding that respondent deprived him of due process; directing respondent to expunge the disciplinary determination from petitioner's institutional and parole records; and an evidentiary hearing on the factual determinations.

In the Report and Recommendation, Magistrate Judge Peebles wrote that a habeas petition, including one brought under 28 U.S.C. § 2254(a), "is a vehicle by which a prison inmate may challenge the 'fact or duration' of his confinement"; that because the modified disciplinary determination did not result in a loss of good time credits, it "has no apparent direct effect on the duration of petitioner's confinement"; and that therefore petitioner's due process claim arising from the hearing is not cognizable in a section 2254 proceeding, but rather must be brought in a

---

[1] The New York Court of Appeals denied leave to appeal on January 20, 2012.

civil rights action pursuant to 42 U.S.C. § 1983. The Report and Recommendation concluded: "Since the determination resulting from those proceedings, as modified, did not result in the loss of any good time credits, and thus did not affect the fact or duration of petitioner's confinement, the claims now asserted are not properly raised in a petition pursuant to 28 U.S.C. § 2254." Thus Magistrate Judge Peebles recommends dismissal of the petition. As explained below, the Court agrees with Magistrate Judge Peebles' recommended outcome but conducts a different analysis.

Petitioner objects to Magistrate Judge Peebles' analysis and argues that his challenge to his SHU confinement is properly brought under 28 U.S.C. § 2254. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court conducts *de novo* review of the question of whether petitioner's demand for immediate release from SHU confinement into the general prison population is cognizable in a section 2254 proceeding. Section 2254(a) provides that a district court "shall entertain an application for a writ of *habeas corpus* in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Case law suggests that an inmate's restrictive confinement pursuant to a disciplinary penalty may satisfy the "in custody" requirement of section 2254, such that a 2254 challenge to the restrictive confinement is permissible, so long as the petitioner is serving the restrictive confinement at the time the petition is filed. *See, e.g., Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boudin v. Thomas*, 732 F.2d 1107, 1111-12 (2d Cir. 1984); *Moore v. Filion*, 2008 WL 1788442, *3 (N.D.N.Y. Apr. 17, 2008); *Giano v Sullivan*, 709 F.Supp. 1209 (S.D.N.Y. 1989); *but see Stallone v. Fischer*, 2011 WL 5040669, *6 (W.D.N.Y. Oct. 21, 2011); *Adams v. McGinnis*, 317 F. Supp. 2d 243, 244 (W.D.N.Y. 2004). If, however, the challenged disciplinary penalty has already been served at the time the petition is filed, *habeas corpus* review

is not available because the petitioner is not "in custody" pursuant to the disciplinary determination, and the Court lacks jurisdiction under section 2254. *See Moore*, 2008 WL 1788442 at *3.

In the instant case, on September 27, 2011, DOCCS modified petitioner's disciplinary penalty to 120 days SHU confinement. If petitioner began serving the sentence immediately thereafter, the 120-day period expired on January 25, 2012, and petitioner would have been released from restrictive confinement based on this penalty about three months before he filed the petition on April 24, 2012. Therefore, assuming that this section 2254 proceeding is a proper vehicle for petitioner's request for release from his SHU confinement into the general prison population, the Court almost certainly never obtained jurisdiction over the petition because it appears that at the time he filed the petition, petitioner was no longer in custody pursuant to the disciplinary determination.

In any event, it is not necessary to ascertain the dates when petitioner served his SHU sentence, because, even if the Court were to have jurisdiction over the petition, petitioner is not entitled to relief. It is well established that the due process protections afforded a prison inmate in a disciplinary proceeding do not equate to "the full panoply of rights" due to a defendant in a criminal prosecution. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In a disciplinary proceeding, an inmate is entitled to advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken. *See id.* at 563-67. Judicial review of the written findings required by due process is limited to determining whether the disposition is

-5-

supported by "some evidence."  *Superintendent v. Hill*, 472 U.S. 445, 455 (1985).  The Second Circuit defines the question on judicial review as "whether there was 'reliable evidence' of the inmate's guilt."  *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004).  In the instant case, the Court has reviewed the entire record, including petitioner's submissions, the transcript of the disciplinary hearing, the misbehavior reports, and the hearing officer's written decision.  The Court easily finds that the procedural requirements of *Wolff* were met, that the hearing officer was fair and impartial, and that there was reliable evidence of petitioner's guilt of the charges upon which the challenged disciplinary confinement was based.  Moreover, the record provides substantial evidence supporting the Third Department's determination, which was not arbitrary and capricious.  The other issues raised by petitioner also lack merit.[2]

Based on the above discussion, and upon *de novo* review, the Court concludes that there is nothing in the record suggesting that petitioner is "in [restrictive] custody in violation of the Constitution or laws or treaties of the United States" or that the disciplinary proceeding "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or ... resulted in a decision

---

[2] Although the petition clearly sought only release from SHU confinement into the general prison population – not release from state custody – petitioner nevertheless appears to challenge his August 3, 2010 denial of parole on the ground that it resulted from the findings of guilt subsequently vacated by Third Department (*i.e.*, creating a disturbance and interfering with an employee).  Such a claim does not support relief pursuant to this *habeas corpus* petition for a number of reasons, including the fact that petitioner was again denied parole on August 14, 2012, and thus is no longer being held in state custody based on the 2010 parole determination.  Likewise, the petitioner has not shown he is entitled to any relief connected with the May 24, 2011 discretionary determination by the Time Allowance Committee to withhold petitioner's good time credit and deny conditional release.  Any claim based on this determination has not been placed before the Court by this petition, appears to be unexhausted, and, in any event, falls outside the reach of section 2254.  *See Edwards v. Goord*, 369 Fed.Appx. 195, 197-98 (2d Cir. 2010); *Brown v Attorney General of N.Y.S.*, 2011 WL 2447741, *2,*5 (W.D.N.Y. June 15, 2011).  If petitioner's purpose in raising these issues is to allege that he is subject to collateral consequences of the disciplinary determination even though he is no longer serving the SHU sentence, these issues do not aid him because the Court has already found that the disciplinary determination, as modified, is proper.

that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(a),(d)(1),(2).

A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Since petitioner has made no such showing herein, the Court does not issue a Certificate of Appealability. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998).

It is therefore

ORDERED that petitioner's Letter Motion for an extension of time to file objections (Dkt. No. 18) is granted and the Objection (Dkt. No. 17) is accepted; and it is further

ORDERED that the Order (Dkt. No. 15) and Judgment (Dkt. No. 16) are vacated and the case reopened; and it is further

ORDERED that upon review of the entire file, including petitioner's Objection, the Report and Recommendation (Dkt. No. 14) is accepted in part and rejected in part; and it is further

ORDERED that the petition (Dkt. No. 1) is denied and the case dismissed; and it is further

ORDERED that a Certificate of Appealability shall not be issued; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: November 24, 2014
Syracuse, New York

*Norman A. Mordue*
Senior U.S. District Judge